FILED
2019 JUL 10 PM 12:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COLLABO INNOVATIONS, INC., PLAINTIFF, | § § § § | |
| V. | § § | CAUSE NO. 1:18-CV-552-LY |
| ADVANCED MICRO DEVICES, INC., DEFENDANT. | § § § | |

## ORDER

Before the court in the above-styled and numbered cause are Plaintiff's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed February 15, 2019 (Dkt. No. 28), Defendant Advanced Micro Device, Inc.'s Response in Opposition to Plaintiff's Motion to Dismiss filed February 28, 2019 (Dkt. No. 29), Plaintiff's Reply to Defendant's Opposition to its Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed March 7, 2019 (Dkt. No. 31), and Defendant Advanced Micro Devices, Inc.'s Sur-Reply in Opposition to Plaintiff's Motion to Dismiss filed March 19, 2019 (Dkt. No. 34).

Plaintiff Collabo Innovations, Inc. ("Collabo") alleges that Defendant Advanced Micro Devices, Inc.'s ("Advanced Micro") infringes Collabo's rights to United States Patent No. 7,930,575 B2 ("the '575 Patent") titled "Microcontroller For Controlling Power Shutdown Process." Advanced Micro filed an amended answer to Collabo's complaint on January 25, 2019 (Dkt. No. 25). Collabo seeks to dismiss Advanced Micro's counterclaims of non-infringement and invalidity and strike Advanced Micro's Second, Third, Fifth, and Sixth specific denials and affirmative defenses. On February 13, 2019, Collabo served its infringement contentions, identifying claims 1, 3, 5, 7, 12, and 16 of the '575 patent.

A. COUNTERCLAIMS

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hinojosa v. Livingston*, 807 F.3d 657, 683–84 (5th Cir. 2015).[1] However, "detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555. The pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (applying those standards when reviewing the dismissal of counterclaims).

1. **Non-infringement counterclaim**

Advanced Micro asserts in its non-infringement counterclaim that "[the manufacture, use, offer for sale, and/or sale within the United States or import into the United States of AMD's products (i.e., products accused of infringement by Collabo in Paragraphs 8 through 14 of its Complaint ("the '575 Accused Products")) has not infringed, does not infringe, and would not, when marketed and sold, directly or indirectly infringe any valid claim of the '575 patent, either literally or under the doctrine of equivalents." Advanced Micro then lists at least seven ways in which its accused products do not practice the limitations alleged by Collabo.[2]

---

[1] The court applies Federal Circuit law in its interpretation and application of the patent-specific law and Fifth Circuit law where the analysis relates to "procedural issue[s] not unique to patent law." *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134, 1136 (Fed. Cir. 2015); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018) (applying regional circuit law in considering a motion to dismiss).

[2] More specifically, Advanced Micro alleges the '575 accused products do not practice the following limitations: "a microcontroller comprising a CPU"; "a power supply unit arranged between the CPU and a power supply device for supplying power to the CPU"; "an information holding unit for holding information evacuated from the CPU, the information being necessary in

2

Collabo argues that Advanced Micro fails to state a claim of non-infringement because it is not supported by proper factual allegations. This court disagrees. Construed in a light most favorable to Advanced Micro, its allegations about specific claim limitations are a sufficient factual basis for a claim of non-infringement at the motion-to-dismiss stage and before discovery. Advanced Micro put Collabo on notice that Advanced Micro intends to show that the accused products do not practice a single claim limitation. *See TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) ("Under the 'all elements' rule, to find infringement, the accused device must contain each limitation of the claim, either literally or by an equivalent.") (quotation omitted); *see also Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("[A]n accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent.")). Advanced Micro need not prove its case prior to discovery. Advanced Micro provides factual allegations that, taken as true, state a plausible claim of non-infringement under the doctrine of equivalents.

2. **Invalidity Counterclaim**

Advanced Micro asserts that "at least claims 1, 3, 4, and 12" of the "Asserted Patent are invalid for failure to satisfy the requirements of the Patent Act, Title 35 of the United States

---

proceeding with a program"; "the CPU, upon receiving the shutdown request signal, executes a power shutdown microprogram, evacuates the information necessary in proceeding with the program to the information holding unit, and outputs an evacuation completed signal to the power supply control unit after evacuation is completed"; "the power supply control unit outputs a shutdown request signal to the CPU in response to an occurrence of a power shutdown factor"; "the power supply unit, upon receiving the power supply control signal, starts to supply power to the CPU"; and "the CPU, upon receiving the restoration request signal, executes a power supply restoration microprogram, restores the information necessary in proceeding with the program and evacuated in the information holding unit in time of power shutdown, and then branches a process to an address indicated by a program counter to continue program execution from a shutdown state."

3

Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112." Advanced Micro then lists several ways in which it believes the claims might be invalid:

> one or more of the asserted claims of the '575 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of U.S. Patent No. 5,390,350 to Chung, et al., alone or in combination with other prior art; U.S. Patent No. 5,530,879 to Crump et al., alone or in combination with other prior art; and/or U.S. Patent No. 7,219,248 to Shikata, alone or in combination with other prior art. Additionally, for example, one or more of the asserted claims of the '575 patent are invalid under 35 U.S.C. § 112, such as for lack of written description.

The court concludes Advanced Micro sufficiently states a claim for invalidity. Advanced Micro provides specific statutory sections under which it intends to prove invalidity; it provides examples of invalidating prior art, and also alleges a lack of written description. *See CryoLife, Inc. v. C.R. Bard, Inc.*, No. CV 14-559-SLR, 2015 WL 1069397, at *4 (D. Del. Mar. 10, 2015).

### B. AFFIRMATIVE DEFENSES

Under Rule 8(b), a defendant is required to "state in short and plain terms its defenses." For affirmative defenses under Rule 8(c), a defendant is required to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id.* (citation omitted). The Fifth Circuit has continued to apply that standard in the wake of *Twombly* and *Iqbal*. *See LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citing *Woodfield*, 193 F.3d at 362). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

If a responsive pleading is "so vague or ambiguous that the party cannot reasonably prepare a response," a party may move for "a more definite statement." Fed. R. Civ. P. 12(e). If a matter is "redundant, immaterial, impertinent, or scandalous," or if a defense is "insufficient,"

4

the court may strike the matter or defense on its own or on a motion made by a party. Fed. R. Civ. P. 12(e). "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. Of Pub. Instr. Of Escambia Cty.*, 306 F. 2d 862, 868 (5th Cir. 1962)). A motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted). Courts are generally not willing to determine "disputed and substantial questions of law" upon a motion to strike when there is no showing of prejudicial harm to the moving party. *Augustus*, 306 F.2d at 868.

The court concludes that Advanced Micro's affirmative defenses provide Collabo with "fair notice" of the defenses that Advanced Micro intends to raise, such that Collabo is not a victim of "unfair surprise." *Woodfield*, 193 F.3d at 362. Moreover, each of Advanced Micro's defenses are sufficiently related to this controversy and provides Collabo with notice that it intends to raise the issues of non-infringement, invalidity, statute of limitations, and willfulness. This suffices under the fair-notice standard. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed February 15, 2019 (Dkt. No. 28) is **DENIED**.

SIGNED this _10th_ day of July, 2019.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE